UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NUMBER 3:04-CR-94(01)RM |
| ) | |
| CHARLES DONALDSON ) | |

OPINION AND ORDER

Charles Donaldson has moved to withdraw from his plea agreement without withdrawing his guilty plea. His plea agreement stipulates that his sentence would be determined according to the sentencing guidelines, that he would seek no downward departure, that he would not appeal or file any collateral challenge to his sentence, and that the government would dismiss the remaining counts. The relief Mr. Donaldson seeks would free him to seek a sentence below the sentencing range and appeal any sentence; he also could face trial on the remaining ten counts.

Neither side has found a case to cite to the court in which a defendant was allowed to follow the course Mr. Donaldson proposes. Mr. Donaldson finds some support in United States v. Lopez, 385 F.3d 245 (2nd Cir. 2004), which held that such a request could be granted in some types of cases if the defendant made an adequate showing, but concluded that the defendant had made no such showing. The Lopez case doesn't address a plea agreement of the sort between the government and Mr. Donaldson. The Lopez court considered a request to withdraw from what the Lopez court described as a Non-binding Sentence Agreement, FED. R. CRIM. P. 11(c)(1)(B). In large part because of the modest nature of the prejudice

to the government, the court of appeals held that "where a defendant seeks to withdraw from a Non-binding Sentence Agreement and consents to keeping his guilty plea intact, permission to withdraw from the plea agreement does not necessitate the entry of a new guilty plea." 385 F.3d at 251.

Prejudice to the government is considerably greater in the other types of plea agreements. In what the Lopez court characterized as a Binding Sentence Agreement, FED. R. CRIM. P. 11(c)(1)(C), the government loses the benefit of its bargain for a particular sentence. In what the Lopez court characterized as a Charge Bargain, FED. R. CRIM. P. 11(c)(1)(A), the government loses the benefit of not needing to go to trial. Accordingly, the Lopez court carefully limited its holding to Non-binding Sentence Agreements. 385 F.3d at 251 n.13 ("We have no occasion to decide whether a defendant who has pleaded guilty pursuant to a Charge Bargain or Binding Sentence Agreement would be permitted to withdraw from his plea agreement without also withdrawing his guilty plea.").

Mr. Donaldson's plea agreement is what the Lopez court called a Charge Bargain, though it also contains important terms not specified in FED. R. CRIM. P. 11(c)(1): the stipulation that the guidelines will be treated as mandatory, Mr. Donaldson's promise not to seek a downward departure, and Mr. Donaldson's waiver of appeal and collateral challenge. The government would lose the benefit of each of those terms of the agreement, and still would be required to go to trial on the remaining counts (or to give Mr. Donaldson the benefit of its promise to dismiss those counts).

To allow Mr. Donaldson to withdraw from the plea agreement would be tantamount to adding a termination clause different from that implied into the parties' agreement by FED. R. CRIM. P. 11(c)(1)(A). That clause provided Mr. Donaldson with the right to withdraw from the plea agreement if the court declined to dismiss the remaining counts, but neither the plea agreement itself nor FED. R. CRIM. P. 11 provided a right to withdraw from the plea agreement under any other circumstances. "[A] plea agreement is a contractual arrangement between two parties, the defendant and the government. The court is not a party to the contract." United States v. Standiford, 148 F.3d 864, 868 (7th Cir. 1998).

Mr. Donaldson, of course, could have pleaded guilty to counts 1 and 12 of the indictment while pleading not guilty to the remaining counts. Had he done so, the government's situation would have been no different than what Mr. Donaldson's motion would produce. He did not do so, however. He entered into a contract as binding upon him as it is upon the government. The court DENIES Mr. Donaldson's motion to withdraw from his plea agreement. The sentencing hearing will be resumed at a time to be set forth in a separate scheduling order.

SO ORDERED.

ENTERED: April 29, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: C. Donaldson
R. Truitt
D. Schmid
USPO